*Monday, October 23, 2000*

## MOTION DOCKET

**98–921. State v. Carter.**
Trumbull C.P. No. 97CR558. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States and pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that compliance with the mandate and execution of sentence be, and hereby are, stayed pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

IT IS FURTHER ORDERED by the court that this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court upon a final disposition by the Supreme Court of the United States or when all proceedings for post-conviction relief before courts of this state have been exhausted, whichever occurs later.

## MISCELLANEOUS DISMISSALS

**00–1859. State v. Tanner.**
Richland App. No. 98CA282. Appellant has filed a motion for delayed appeal of a decision of the Court of Appeals for Richland County denying his application for reopening. Whereas S.Ct.Prac.R. II(2)(A)(4)(b) prescribes that the provision for delayed appeal does not apply to appeals involving post-conviction relief, including appeals of applications for reopening brought pursuant to App.R. 26(B),

IT IS ORDERED by the court, *sua sponte*, that this case be, and hereby is, dismissed.

*Tuesday, October 24, 2000*

## MERIT DOCKET

**00–1830. State ex rel. Ohio Heritage Dev. Co. v. Portage Cty. Bd. of Elections.**
In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition regarding an expedited election matter and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court that the writ of prohibition be, and hereby is, denied.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., would deny the writ based on laches.

**00–1844. State ex rel. Streicher v. Ruehlman.**
In Prohibition. This cause originated in this court on the filing of a complaint for a writ of prohibition. Upon consideration of the city of Cincinnati's motion for stay of trial court proceedings or temporary restraining order,

IT IS ORDERED by the court that the motion for stay or temporary restraining order be, and hereby is, denied.

IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., would only deny the motion.

DOUGLAS, J., dissents and would grant an alternative writ.